*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* C. HENRY, Minor.

UNPUBLISHED
December 12, 2025
11:36 AM

No. 375271
Grand Traverse Circuit Court
Family Division
LC No. 11-003228-NA

Before: KOROBKIN, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to her biological child under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist) and MCL 712A.19b(3)(g) (failure to provide proper care and custody). We affirm.

## I. BACKGROUND

The Department of Health and Human Services (DHHS) filed a petition for the removal of the child from respondent-mother's care because she was intoxicated from methamphetamine while caring for the child. Children's Protective Services (CPS) caseworkers noticed that respondent-mother was visibly intoxicated during their visits, and the child was placed in foster care.

DHHS identified respondent-mother's mental-health diagnoses, substance abuse, domestic violence, parenting skills, and employment as barriers to reunification, and DHHS offered services to address these barriers. However, respondent-mother continued to use methamphetamine, refused a psychological evaluation, refused assistance with employment, and maintained contact with the child's father despite a no-contact order and his continued assaultive behavior. Additionally, during a parenting-time visit between respondent-mother and the child, respondent-mother was intoxicated and behaving erratically, which led to her supervised visitations being suspended.

During the pendency of the case, respondent-mother was incarcerated for a probation violation arising from a methamphetamine-possession case, as well as for resisting and

-1-

obstructing, with her earliest release date falling more than one year after the termination hearing. The trial court terminated respondent-mother's parental rights to the child, and respondent-mother now appeals.

## II. DISCUSSION

Respondent-mother argues on appeal that there was insufficient evidence to establish a statutory ground for termination. We disagree.

"This Court reviews for clear error a trial court's factual findings following a termination hearing." *In re Gonzales/Martinez*, 310 Mich App 426, 430; 871 NW2d 868 (2015). "A finding is clearly erroneous if the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Id*. at 430-431 (quotation marks and citation omitted).

"To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). One of the statutory bases that the trial court terminated respondent-mother's parental rights under was MCL 712A.19b(3)(g), which provides:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

The trial court identified clear and convincing evidence supporting termination under MCL 712A.19b(3)(g). The record in this case showed that respondent-mother was unable to provide proper care and custody for the child. Respondent-mother tested positive for methamphetamine when CPS initially visited the house, and she appeared to be intoxicated on the day that the child was removed. It was reported that respondent-mother was intoxicated to the point where the CPS workers were concerned for the child's safety around respondent-mother. Nevertheless, respondent-mother continued to use methamphetamine throughout the case. Although the parent-agency treatment plan offered appropriate services and referrals, respondent did not meaningfully participate in or benefit from them. Respondent-mother declined recommended inpatient treatment, submitted inconsistent and positive drug screens, failed to attend her scheduled psychological evaluation, and did not sufficiently engage in counseling so that service providers could confirm any progress. Further, respondent-mother's parenting times were suspended because respondent-mother was intoxicated and acting erratically at a supervised visitation. Overall, the evidence on the record shows that respondent-mother failed to provide proper care and custody for the child because of her drug use. Given the absence of sustained participation or demonstrated benefit, the court found that respondent was unable to provide proper care and custody and that there was no reasonable expectation respondent-mother would be able to do so within a reasonable time. We are not left with a definite and firm conviction that a mistake has been made, *In re Gonzales/Martinez*, 310 Mich App at 431, and the trial court did not clearly err

by finding that there was sufficient evidence to establish this statutory ground, *In re Moss*, 301 Mich App at 80. Because only one statutory ground must be established for the trial court to order termination, we need not address the trial court's findings under MCL 712A.19b(3)(c)(*i*). *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009).

Affirmed.

/s/ Daniel S. Korobkin
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado